## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION I

**AUTO-OWNERS INSURANCE COMPANY**                    **PLAINTIFF**

VS.                  NO. *1:17cv11-KGB*

**WILLIAM AND HAYES OLSON, Individually and as
CO-PERSONAL REPRESENTATIVES OF THE ESTATE
OF WILLIAM OLSON, DECEASED;
PAIGE HUBBARD, Individually and as
PERSONAL REPRESENTATIVE OF THE ESTATE OF
CAMDON OSBORN, DECEASED;
LLOYD AND KIM DAVIS, Individually and as
NEXT FRIENDS OF WILSON DAVIS, A MINOR;
BRADY AND AUDREY GILLMORE, Individually and as
NEXT FRIENDS OF ALEX GILLMORE, A MINOR; and
RUST AND TINA PAUL, Individually and as
NEXT FRIENDS OF REGAN PAUL, A MINOR;
MARTIN-LANDERS LLC d/b/a MARK MARTIN FORD;
JEFF AND MELISSA TAYLOR, Individually and as
NEXT FRIENDS OF COLE TAYLOR, A MINOR; RANDALL
"MOONEY" STARR AND CONNIE STARR**                   **DEFENDANTS**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 17 2017

JAMES W. McCORMACK, CLERK
By:_____
                                    DEP CLERK

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Auto-Owners Insurance Company (hereinafter "Auto-Owners"), for

its Complaint for Declaratory Judgment against the named defendants, states:

This case assigned to District Judge *Baker*
and to Magistrate Judge *Kay*

I.      PARTIES

1.      Auto-Owners is an insurance company incorporated and with its

principal place of business in the State of Michigan. It is authorized to do business

and is actively doing business in Arkansas.

2.      As set forth in the Complaint filed in the case titled *William and Hayes*

*Olson, individually and as personal representatives of the Estate of William Olson,*

*deceased, et al. v. Martin-Landers, LLC d/b/a Mark Martin Ford, et al.*,
Independence County, Arkansas, being identified as Case No. 32CV-16-074
(hereinafter "underlying lawsuit"), and upon information and belief:

(a)    Defendants, William and Hayes Olson, are the parents and the duly appointed co-Personal Representatives of the Estate of William Olson, deceased, having been so appointed by Order of the Circuit Court of Independence County, Arkansas.

(b)    Defendant, Page Hubbard, is the mother and the duly appointed Personal Representative of the Estate of Camdon Osborn, deceased, having been so appointed by Order of the Circuit Court of Independence County, Arkansas.

(c)    Defendants, Lloyd and Kim Davis, as next friends for their minor child, Wilson Davis, are residents of Independence County, Arkansas.

(d)    Defendants, Brady and Audrey Gillmore, as next friends for their minor child, Alex Gillmore, are residents of Independence County, Arkansas.

(e)    Defendants, Rusty and Tina Paul, as next friends for their minor child, Regan Paul, are residents of Independence County, Arkansas.

(f)    Defendant, Martin-Landers, LLC, d/b/a Mark Martin Ford (hereinafter referred to as "Mark Martin Ford"), is an Arkansas limited liability company, and is doing business in Independence County, Arkansas. Upon information and belief, Mark Martin Ford's principal place of

business is also in Independence County, Arkansas.   Moreover, its initial managing member, Lance Landers, is a resident of the State of Arkansas, and the current managing member, Mark Martin, is also a resident of the State of Arkansas.   After a good faith search of the corporate records filed with the Arkansas Secretary of State, AOI has not located any information showing there are any managers or members of Mark Martin Ford who would defeat diversity jurisdiction.

(g)   Defendants, Jeff and Melissa Taylor, are the parents of the minor child, Cole Taylor, and they are residents of Independence County, Arkansas.

(h)   Defendant, Randall "Mooney" Starr, is a resident of Independence County, Arkansas.

(i)   Defendant, Connie Starr, is a resident of Independence County, Arkansas.

3.   The underlying lawsuit is pending in the Circuit Court of Independence County, Arkansas. A copy of the Complaint filed in the underlying lawsuit is attached hereto as Exhibit "1" and incorporated herein by reference.

## II.   **JURISDICTION AND VENUE**

4.   Upon information and belief, there is complete diversity of the parties and this Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1332.

5.   This Court has personal jurisdiction over all parties to this action.

3

6.     A substantial part of the events or omissions giving rise to this claim occurred in Independence County, Arkansas.   Exhibit "1."   Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391.

7.     Auto-Owners' claims for declaratory relief are also authorized by 28 U.S.C. § § 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

## III.     **STATEMENT OF FACTS**

8.     Auto-Owners issued insurance policy number 4944427700 (hereinafter the "Policy") for the policy period of April 1, 2015 to April 1, 2016 to separate defendant Mark Martin Ford.  The Policy provides liability coverage pursuant to a garage keeper's liability form as more specifically set forth in the policy. A copy of the Policy is attached hereto as Exhibit "2" and incorporated herein by reference.

9.     On April 5, 2016, a lawsuit was filed against Mark Martin Ford and other defendants in the Circuit Court of Independence County, Arkansas. Exhibit "1".

10.    Though Auto-Owners does not admit or concede the claims or allegations, the following statements contained in paragraphs 10 through 16 herein, including any subparts thereto, are alleged as facts in the underlying lawsuit (Exhibit "1"):

(a)     On or about October 26, 2015, at approximately 10:27 p.m., Defendant Cole Taylor, aged 15-years, who held a Class D hardship driver's license issued by the Arkansas Department of Finance and Administration, was driving a 2014 Ford Mustang (vehicle) owned by

4

Mark Martin Ford northbound on McHue Road in Independence County, Arkansas, at a high rate of speed when he attempted to negotiate a right hand curve in the roadway.

(b)     The vehicle driven by Cole Taylor left the roadway and struck a tree, continued into a line of brush, struck a second tree, and finally came to rest in an open field.

(c)     William Olson, who was a passenger in the back seat of said vehicle, was ejected from the vehicle and subsequently pronounced dead.

(d)     Camdon Osborn, who was a passenger in the back seat of said vehicle, was ejected from the vehicle and subsequently pronounced dead.

(e)     Wilson Davis, who was a passenger in the back seat of said vehicle, was ejected from the vehicle and sustained severe injuries.

(f)     Alex Gillmore, who was a passenger in the back seat of said vehicle, was ejected from the vehicle and sustained injuries.

(g)     Regan Paul was a passenger in the front passenger seat and sustained injuries.

11.     The plaintiffs in the underlying lawsuit allege that Cole Taylor was guilty of negligence and that such negligence was somehow imputed to Mark Martin Ford, to Jeff and Melissa Taylor for permissive use of the motor vehicle and negligent entrustment of the motor vehicle to Cole Taylor, and to Randall Starr and Connie Starr for negligent entrustment of the motor vehicle and negligent supervision. Exhibit "1", ¶¶ 19-26.

12.     The plaintiffs in the underlying lawsuit allege that Randall Starr, who is the step-grandfather of Cole Taylor, was the manager of Mark Martin Ford at all times relevant to the cause of action, and that Cole Taylor was an employee of Mark Martin Ford at all time relevant to the cause of action.  Exhibit "1", ¶¶ 27-31.

13.     The plaintiffs in the underlying lawsuit allege that Randall Starr and/or other agents of Mark Martin Ford forged the signature of Melissa Taylor, who is the mother of Cole Taylor, whereby Randall Starr attempted to effectuate the sale to Melissa Taylor of the 2014 Ford Mustang negligently driven by Cole Taylor at the time of the motor vehicle accident.  Exhibit "1", ¶ 32.

14.     The plaintiffs contend that as a result of the forged signature, the attempted transfer of the title to the 2014 Ford Mustang to Melissa Taylor was void, and said vehicle remained the property of Mark Martin Ford at the time of the incident described in the underlying lawsuit.  Exhibit "1", paragraph 33.

15.     The plaintiffs in the underlying lawsuit seek damages in an amount greater than that required for federal court jurisdiction in diversity cases.  Exhibit "1".

16.     A real and judiciable controversy exists between the parties of this matter.  The amount in controversy specifically exceeds the amount required for federal diversity jurisdiction.

17.     The parties in the underlying lawsuit have been engaged in discovery.  Auto-Owners has defended several of the parties under a reservation of rights.

6

18.     Although discovery is not complete, it has become apparent through the facts developed that Auto-Owners does not owe coverage or a defense to any of the parties in the underlying lawsuit.

19.     Auto-Owners contends that the Policy issued by Auto-Owners to Mark Martin Ford affords no coverage to Mark Martin Ford, Jeff and Melissa Taylor, Individually and as Next Friends of Cole Taylor, a minor, Randall "Mooney" Starr, Connie Starr or any other party in this lawsuit with respect to the allegations made against those defendants in the underlying lawsuit.

20.     On information and belief, Mark Martin Ford, Jeff and Melissa Taylor, Individually and as Next Friends of Cole Taylor, a minor, Randall "Mooney" Starr and/or Connie Starr contend that the Policy issued by Auto-Owners to Mark Martin Ford does afford coverage with respect to the allegations made in the underlying lawsuit.

IV.   **CLAIMS**

21.     The Policy in question does not provide coverage based on the allegations and facts of the underlying lawsuit for the reasons below.

22.     Section III, titled "Who Is An Insured", of the Policy provides four (4) classes of individuals who are insureds under the Policy.  Exhibit "2".

23.     Specifically, Section III of the Policy provides as follows:

**B.**     With respect to any **auto** or **farm implement** as described under **SECTION II – COVERAGE, COVERAGE A – BODILY INJURY AND**

7

**PROPERTY DAMAGE LIABILITY, 1. COVERAGE, b. Bodily Injury And Property Damage Liability (Auto)**, only:

    **1. You**,

    **2. Your garage customers,**

    **3.** Any other person or organization using an **auto** or **farm implement** with **your** permission. **Insured** shall not include, only under this provision **3.**:

        **a.** Any of **your employees**. . . .

    **4.** Any other person or organization, but only with respect to liability because of acts or omissions of an insured under **B.1** or **2**...

Exhibit "2", Section III – Who Is An Insured, B.1.-4 (pages 24 and 25 of 31).

    24.    In the Definitions portion of the Policy "You" is defined as the "named insured shown in the Declarations" page.

    25.    The name insured of the Policy in the declarations page is Martin-Landers LLC.

    26.    The Policy also provides coverage for accidents involving an "auto" as follows:

    (1) Either Division I or Division II, we will pay damages for bodily injury and property damage for which the insured becomes legally responsible because of or arising out of an auto or farm implement:

        a. Not owned, not hired, not leased, not rented, or not registered by you, any partner if you are a partnership, member if you are a limited

liability company, or officer if you are an organization other than a partnership, limited liability company or joint venture; and

b. While used by any person in your business.

(2) Division I, we will also pay damages for bodily injury and property damage for which the insured becomes legally responsible because of or arising out of.

a. An auto or farm implement:

    i.   Owned by you; or

    ii.  Leased, hired or rented by you or on your behalf with your expressed permission.

Such **auto** or farm implement must be:

    (1) Used in **your** garage business; or

    (2) Used in a business, other than **your garage business**, but not on a regular basis; or

    (3) Not used in any business.

b. An auto or farm implement you do not own or lease which is not used in connection with your business (other than a motorcycle, moped, motor scooter, midget auto or cart), when used by:

    (1) **You;**

    (2) Any person to whom **you** regularly furnish **an auto** or **farm implement** or their spouse, if a resident of the same household;

    (3) **Your relatives** not owning an **auto** or **farm implement**; or

(4) Any person not owning an auto or farm implement who resides with any person shown in 1), 2) or 3) immediately above to whom you regularly furnish an auto or farm implement and who is related to such person or his or her spouse by blood, marriage or adoption including a ward or foster  child who resides with such person.

27.    There are also numerous exclusions in the Policy applicable to coverage for accidents involving an "auto."

28.    These exclusions include, but are not limited to, the following language of the Policy:

(7)    Bodily   injury   or   property   damage   arising   out   of   the ownership,  maintenance operation or use, loading or unloading of any auto, possession of which you have transferred to another under an agreement of sale. This does not apply to your liability.

29.    Further, the Policy contains several duties of an insured, including the duty to notify Auto-Owners of the occurrence, the claim for a defense and generally cooperate with Auto-Owners on the development of the litigation.    Exhibit "2", Section VI – What You Must Do After An Occurrence or Loss, A. through E.   The accident in this case occurred on October 15, 2015. Some of the demands were not submitted until recently despite the fact that litigation in the underlying lawsuit has been ongoing since April 5, 2016. Significant discovery has already been undertaken, including written discovery and depositions.

10

30.    Auto-Owners has been deprived of a meaningful right and opportunity to defend against the claims, protect interests, or otherwise be involved in the defense of the underlying lawsuit without suffering significant prejudice. Neither coverage nor a defense is proper at this time for any party.

31.    The Policy provisions listed above do not necessarily represent all of the potentially relevant provisions applicable to the coverage issues presented by this declaratory judgment action. They are, however, relevant to the analysis and illustrative of the fact that the Policy does not provide coverage under the facts alleged and developed in the underlying lawsuit.

32.    Based on its terms, the Policy does not provide coverage or require Auto-Owners to defend any party in this lawsuit or the underlying lawsuit with respect to the allegations made against those defendants in the underlying lawsuit.

33.    Consequently, none of the parties named in this lawsuit or the underlying lawsuit are entitled to any benefits, defenses, or indemnification under the Policy, nor are any of the plaintiffs in the underlying lawsuit entitled to such benefits or coverage.

34.    Auto-Owners reserves the right to amend this Complaint for Declaratory Judgment and reserves the right to rely on each and every provision, whether or not specifically identified herein, of the Policy.

35.    For all the foregoing reasons, Auto-Owners respectfully requests that the Court enter a Declaratory Judgment declaring that the Policy issued by Auto-Owners to Mark Martin Ford affords no coverage, including no duty to defend or

11

indemnify any party named in this lawsuit with respect to the allegations made against any party in the underlying lawsuit.

**WHEREFORE**, Plaintiff, Auto-Owners Insurance Company, prays that the Court enter a judgment declaring that the policy of insurance issued by Auto-Owners to Mark Martin Ford, identified as policy number 4944427700, affords no coverage for the benefit of Mark Martin Ford, Jeff and Melissa Taylor, Individually and as Next Friends of Cole Taylor, a minor, Randall "Mooney" Starr and/or Connie Starr with respect to the allegations made against them in the underlying lawsuit identified as Case No. 32CV-16-074 in the Circuit Court of Independence County, Arkansas, and for all other proper and just relief to which Auto-Owners may show itself to be entitled.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
3333 Pinnacle Hills Pkwy, Suite 510
Rogers, AR  72758-8960
(479) 631-3284
FAX: (479) 986-8932
E-MAIL: cvo@wlj.com

By _____
      Caley B. Vo (2004077)
      *Attorneys for Plaintiff*